# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
# DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 24-1191 Wilbert Finley v. Kraft Heinz |
| **Originating No. & Caption** | 22-cv-00426-TMC-KFM |
| **Originating Court/Agency** | U.S. District Court for the District of South Carolina Anderson Div |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | FSMA, 21 U.S.C. 391 et seq | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | January 30, 2024 | |
| Date notice of appeal or petition for review filed | February 28, 2024 | |
| If cross appeal, date first appeal filed | | |
| Date of filing any post-judgment motion | | |
| Date order entered disposing of any post-judgment motion | | |
| Date of filing any motion to extend appeal period | | |
| Time for filing appeal extended to | | |
| Is appeal from final judgment or order? | ◉ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ○ Yes | ◉ No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ○ Yes | ◉ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ◉ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

**Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.)

Food Safety Modernization Act, 21 U.S.C. 391 et seq, whistleblower retaliation claim. Appellant made protected disclosures related to food safety to his employer, Kraft-Heinz. Appellant was terminated in retaliation in whole or in part because he made protected disclosures. Defendant filed for summary judgment claiming it terminated Plaintiff for a legitimate business reason. District Court dismissed on motion for summary judgment.

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

Did Court below err in granting summary judgment to Defendant ?

Did Court ignore or disregard evidence provided by Plaintiff as to material disputed facts?

Did Court resolve fact disputes in favor of Defendant that should have been resolved in favor of Plaintiff?

Did Court disregard critical comparator evidence of failure of Defendant to discipline other similarly situated employees ?

Did Court fail to consider protected activity closest in time to the termination of Plaintiff?

Did Court fail to discuss or properly interpret facts/consider evidence?

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: Kraft Heinz<br><br>Attorney: counsel has entered appearance already<br>Address:<br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |

**Appellant** (Attach additional page if necessary.)

| | |
|---|---|
| Name: Wilbert Finley<br><br>Attorney: Thad M, Guyer<br>Address: PO Box 1061<br>Medford, OR 97501<br><br>E-mail: thad@guyerayers.com<br><br>Phone: 206 954 1293 | Name: Wilbert Finley<br><br>Attorney: Stephani Ayers (admission to be filed)<br>Address: 4701 Admiral Way SW #276<br>Seattle, WA 98116<br><br>E-mail: stephani@whistleblowerdefenders.com<br><br>Phone: 813 382 7865 |

**Appellant (continued)**

| | |
|---|---|
| Name:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |

**Signature:** s/Thad M. Guyer **Date:** 3-13-2024

**Counsel for:** Appellant

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on ____________ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |
| Signature: | Date: |

Print to PDF for Filing    Reset Form